UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOHAMED G. ZAHER a/k/a
MOHAMED J. ZAHER a/k/a
MOHAMED GAMIL ZAHER,

    Defendant.
_____/

Case No. 09-10658

HON. SEAN F. COX
United States District Judge

### OPINION & ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 11]

Plaintiff United States of America ("the Government") brings this action against attorney Mohamed G. Zaher a/k/a Mohamed J. Zaher a/k/a Mohamed Gamil Zaher ("Zaher") for collection of unpaid student loans upon which Zaher defaulted. The matter is currently before the Court on Plaintiff's "Motion for Summary Judgment" [Doc. No. 11]. The parties have fully briefed the issues, and the Court declines to hear oral argument pursuant to Local Rule 7.1(e)(2). For the reasons below, the Court **GRANTS** the Government's Motion [Doc. No. 11].

### BACKGROUND

In 1992, Zaher took out a $7,500.00 education loan in connection with his studies at De Paul University in Chicago, Illinois. The loan was advanced by Citibank N.A., guaranteed by the Illinois Student Assistance Commission, and reinsured by the U.S. Department of Education under the Higher Education Act of 1965, 20 U.S.C. § 1071 *et seq*.

Zaher defaulted on the loan on April 4, 2000, and the Illinois Student Assistance

Commission paid a claim to Citibank in the amount of $12,509.77.  Pursuant to 34 C.F.R. § 682.401(b)(4), the Illinois Student Assistance Commission then sought immediate repayment of the loan by Zaher, and when unable to collect from Zaher, assigned the defaulted loan to the Department of Education.  The Department of Education in turn sought collection on the loan.

As of the filing of the Complaint [Doc. No. 1] in this action, Zaher owes the Government an alleged amount of $10,063.55, which includes principal totaling $7,939.73 and accrued interest totaling $2,123.82.[1]

The Government filed its Motion for Summary Judgment [Doc. No. 11] on June 8, 2009, arguing that no genuine issues of material fact exist as to either the existence of the debt owed by Zaher to the Government, or as to that debt's amount.  As proof of the underlying obligation, the Government attaches a copy of the promissory note bearing Zaher's signature, dated October 15, 1992 [*See* Pl.'s Ex. B, Doc. No. 11].  Accordingly, the Government seeks entry of judgment in its favor totaling $10,063.55, plus interest from the date of the filed complaint and $350.00 in court costs.

In his response brief [Doc. No. 16], Zaher admits the underlying debt.  However, he defends against the Government's Motion simply by disputing the underlying amount owed:

> Although liability as to loan obligations is a question of law *and is undisputed in the case at bar*, the precise amount of default is in question (*sic*) that raises a material fact inappropriate for summary judgment.

[Def.'s Br., Doc. No. 16, p.5].  However, Zaher attaches no documents evidencing a good-faith

---

[1] The Court notes that the claimed principal, totaling $7,939.73, is higher than the original amount loaned of $7,500.  Pursuant to 34 C.F.R. § 682.410(b)(4), once a guarantor pays on a default claim, the entire amount paid by the guarantor, including amounts paid on accrued interest, becomes due to the guarantor as principal.

argument disputing the amount owed to the Government, but instead only makes general reference to "recent forms faxed over by Holzman, Ritter & Leduc, PLLC evidencing payment on loan amounts." *Id*.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

## ANALYSIS

For purposes of their Motion for Summary Judgment, the Government has met its threshold requirement to "demonstrate the absence of a genuine issue of material fact," *Celotex v. Catrett*, 477 U.S. at 323, that Zaher is indebted to the Government. Indeed, in his response brief [Doc. No. 16], Zaher admits the underlying debt. [*See* Def.'s Br., Doc. No. 16, p.5]. As such, summary judgment is proper on the existence of the Zaher's obligation itself to the Government.

The only remaining issue for the Court is to determine whether the Government has

sufficiently evidenced, and then whether Zaher has sufficiently rebutted, the *amount* of Zaher's obligation to the Government.  While the Government has satisfied its burden in this regard, Zaher himself has failed to come forward with any objective evidence rebutting the Government's claimed amount owed by Zaher.

According to the Certificate of Indebtedness from the Department of Education [Pl.'s Ex. A, Doc. No. 11], since assignment of Zaher's loan, the Government has received no payments from Zaher on the underlying amount owed.  As of November 20, 2008, the Government claimed outstanding principal of $7,939.73, plus accrued interest of $2,024.77, for a total amount owing of $9,964.50.  Given the loan's interest rate of 5.01 percent, the Certificate of Indebtedness further states that interest accrues at the daily rate of $1.09 through June 20, 2009, upon which time the interest rate may change pursuant to 20 U.S.C. § 1077a.  As eighty-four days elapsed between the interest calculated as of on November 20, 2008 and the Government's Complaint being filed on February 21, 2009, the total amount claimed outstanding by the Government is a reasonable calculation of outstanding interest owed on the loan by Zaher.

In support of his argument, Zaher attaches a personal affidavit which is neither signed nor notarized.[2]  That affidavit alleges that Zaher made multiple payments totaling $7,300.00 over the life of the loan.  Though the Government does not dispute that Zaher made such payments, it notes that "the bulk of those payments were properly applied to the outstanding interest accumulating on the account." [Pl.'s Reply, Doc. No. 17, p.1].  Indeed, at 5.01 percent interest per annum, Zaher's original loan in the amount of $7,500.00 would total just over $18,000.00

---

[2] The signature line of the affidavit is simply signed "/s/ Mohamed Zaher" in normal type face.  Further, the purported notary public also signed with an electronic signature, and the notary is from a fictitious county of the same name as the notary.

today, some seventeen years later.  Thus, Zaher's contention that he made previous payments on the loan obligation is entirely consistent with the Government's claimed amount due and owing on the loan, and does not demonstrate a genuine issue of material fact for trial.

Aside from his improper affidavit, Zaher files no supporting documentation concurrent with his response brief evidencing a genuine issue of material fact for trial.  Zaher thus has failed to meet his burden under FED. R. CIV. P. 56(e), and under that Rule, "[i]f the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  FED. R. CIV. P. 56(e)(2); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).  Pursuant to FED. R. CIV. P. 56(e)(2), the Court finds that summary judgment is proper in this case.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion for Summary Judgment [Doc. No. 11], and **ORDERS** the Government to submit a proposed judgment with interest and costs calculated up to the present date.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager